**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| LELAND M. BEASLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    No. 4:19-cv-02322 JAR |
| | ) |
| MICHELE BUCKNER, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Leland M. Beasley ("Petitioner")'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1). The Government responded (Doc. No. 11) and Petitioner replied (Doc. No. 13). For the following reasons, Petitioner's § 2254 petition is **DENIED** and this action is **DISMISSED with prejudice.**

**I.     Background**

On February 25, 2009, Petitioner was charged by way of indictment with two counts of Child Molestation in the first degree, class B felonies; five counts of Statutory Sodomy in the first degree, unclassified felonies; one count of Attempted Statutory Sodomy in the first degree, unclassified felony; and two counts of Assault in the third degree, class C misdemeanors. The charges involved the allegations of ten boys who all claimed they had been touched inappropriately by Petitioner. On August 18, 2010, the State filed a superseding indictment charging four additional counts: one count of Promoting Child Pornography, a class B felony; two counts of Possession of Child Pornography, class B felonies; and one count of Possession of Child Pornography, a class D felony.

On July 6, 2012, following a jury trial in which Petitioner represented himself, Petitioner was convicted on all thirteen counts as charged. He was sentenced on August 24, 2012 to four consecutive life sentences plus a consecutive term of sixty years. His conviction and sentence was affirmed on direct appeal on December 24, 2013. State v. Beasley, 416 S.W.3d 357 (Mo. Ct. App. 2013).

On April 10, 2014, Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. Following an evidentiary hearing, the circuit court denied Petitioner's motion. Beasley, Jr. v. State, No. 14SL-CC01266, 2017 WL 9251773, at *1 (Mo. Cir. May 31, 2017). The denial of post-conviction relief was affirmed on appeal in an unpublished decision. Beasley v. State, 549 S.W.3d 539 (Mo. Ct. App. 2018). The court of appeals issued its mandate on July 26, 2018.

On July 26, 2019, Petitioner filed the instant § 2254 petition, stating that he "would like to include all grounds brought forth in my written 29.15 appeal." (Doc. No. 1 at 4). On post-conviction appeal, Petitioner claimed he was denied ineffective assistance of counsel "when he was confined without access to a law library sufficient to allow him to exercise is [sic] right to self-representation." (Doc. No. 11-10 at 20). Petitioner also claimed that section 50.060, RS Mo. prohibited his prosecution in state court because he had already received substantial federal court sentences for his federal offenses. (Id. at 26).

Petitioner then raised four additional grounds for relief:

(1) "Ineffective assistance of trial and appellate counsel and ineffective assistance of pretrial counsel" (Doc. No. 1 at 5);

(2) "The court imposing the sentence was without jurisdiction to do so and both double jeopardy and petite rules were circumvented" (id.);

(3) "The sentence imposed was in excess of the maximum sentence authorized by law, unnecessarily extreme, and imposing as a result and punishment for

exercising right to trial" (id.); and

(4) "Due process was denied to [Petitioner]" (id. at 6).

## II.      Standard of review

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995).

Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to … clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision … and nevertheless arrives at a [different] result." Cagle v. Norris, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003)). A State court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."

<u>Williams v. Taylor</u>, 529 U.S. 362, 407 (2000). A State court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." <u>Ryan v. Clarke</u>, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); <u>Wood v. Allen</u>, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1398 (2011). Clear and convincing evidence that State court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); <u>Wood</u>, 558 U.S. at 293.

**III.     Discussion**

**A.  Timeliness**

A person in custody under a state court judgment has one year from the date the judgment became final to apply for a writ of habeas corpus from a federal court. 28 U.S.C. § 2244(d)(1). The judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The one-year statutory period is tolled during the time a properly filed application for State post-conviction relief is pending, § 2244(d)(2); <u>Williams v. Bruton</u>, 299 F.3d 981, 982 (8th Cir. 2002); however, the following times count against the petitioner: (a) the time between the date the direct appeal was completed and the date an application for state post-conviction relief is filed, and (b) the time between the completion of the state post-conviction action and the filing of a federal habeas petition, <u>Boston v. Weber</u>, 525 F.3d 622, 624-26 (8th Cir. 2008); Federal Habeas Manual § 9A:63.

Respondent argues that even with tolling, Petitioner's petition is untimely. Here, the court of appeals issued its decision on Petitioner's direct appeal on December 24, 2013. The judgment

became final fifteen days later, on January 8, 2014, when Petitioner's time for filing a motion for rehearing under Missouri Supreme Court Rule 84.17 expired. 28 U.S.C. § 2244(d)(1)(A); Missouri Supreme Court Rule 84.17(b). Ninety-two days then passed between the finality of direct review on January 8, 2014, and the filing of Petitioner's Rule 29.15 motion on April 10, 2014. The statutory period was immediately tolled and did not resume running until July 26, 2018, when the court of appeals issued its mandate. See Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction proceedings in Missouri are "pending" until appellate court issues its mandate). At that point, Petitioner had 273 days remaining (365 days – 92 days) to file his § 2254 petition, that is, by April 25, 2019.  Instead, his petition was filed in this Court on July 26, 2019.

Petitioner argues he submitted his petition to the prison mailing system on May 21, 2019.[1] (Doc. No. 13 at 2). According to Petitioner, the documents were "held in limbo," and returned to him on July 17, 2019. He resubmitted them for mailing the same day. (Id.). Even assuming Petitioner submitted his § 2254 petition on May 21, 2019, it is still untimely. A period of 299 days passed between July 26, 2018 and May 21, 2019. After adding the 92 days between the finality of direct review and the filing of Petitioner's Rule 29.15 motion, a total of 391 days passed between the conclusion of direct review and the filing of the federal habeas petition. Therefore, the Court finds Petitioner's petition is untimely. Even if the petition was not untimely, it would fail on the merits.

## B.  Merits

Petitioner's first two grounds for relief are taken from his appeal of the denial of his Rule 29.15 motion. (Doc. No. 1 at 4) (" I would like to include all grounds brought forth in my written

---

[1] Pursuant to the federal prison mailbox rule, a prisoner's pro se federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing to the court. Goldsby v. Missouri, No. 4:11CV01268 AGF, 2014 WL 3611806, at *1 (E.D. Mo. July 22, 2014) (citing Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999) (en banc) (abrogated on other grounds)).

29.15 appeal.").

In his first ground for relief, Petitioner claims he was denied ineffective assistance of counsel when he was confined without sufficient access to a law library. Petitioner unsuccessfully raised this claim in his state post-conviction relief proceedings; the motion court denied the claim on the merits and the Missouri Court of Appeals affirmed. In its decision, the Missouri Court of Appeals wrote:

> In his first point, Movant alleges he was denied access to a law library sufficient to allow him to exercise his right to self-representation and that appellate counsel was ineffective for failing to raise this issue on appeal. Movant relies on <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977). To establish a <u>Bounds</u> violation, an inmate must demonstrate an actual injury, namely that the alleged shortcomings in the prison library hindered his efforts to pursue a nonfrivolous legal claim. <u>Lewis v. Casey</u>, 518 U.S. 343, 352 (1996). Movant has wholly failed to prove an actual injury here.
>
> Movant alleges that he was injured by an inability to do legal research. But Movant was not denied access to a law library or to legal materials to prepare his defense. At trial, Mr. Bruendeman, the volunteer coordinator in charge of the prison's library, testified that Movant had access to multiple carts of legal materials, but simply did not have unlimited access to the best library. <u>See</u> <u>Garth v. State</u>, 411 S.W.3d 366, 370-71 (Mo. App. E.D. 2013). Movant even acknowledged that there were at least four carts – each containing approximately 30-80 legal reference books – that were in rotation and available to him, but claims many of those books were missing pages, were old, and were ragged. But age or condition of the books alone do not per se render that source obsolete or inaccurate. <u>Id</u>. at 370. Here, the books were updated from time to time, as needed, and the Missouri Practice Form Book was updated annually. Similarly, Movant acknowledged that regardless of when the books were updated, in cases where pages were missing from the books, the coordinator within the jail was required to make and provide copies of those pages to the inmates. Moreover, Movant was unable to demonstrate what missing materials actually injured his case.
>
> Movant also claims he was actually injured because his submitted converse jury instructions, which were rejected by the trial court, could have been improved. But converse jury instructions are not mandatory. <u>Barteau v. State</u>, 767 S.W.2d 107, 108 (Mo. App. E.D. 1989). Moreover, here, Movant did have access to jury instruction forms, but he baselessly believed that due to the age of the books, they were no longer accurate. In other words, Movant had access to valid resources to prepare his converse jury instructions, but failed to submit jury instructions to the requisite standard nonetheless. The inability of a pro se defendant to competently produce his own converse jury instructions does not rise to an actual injury, as

outlined in <u>Bounds</u>. <u>Id.</u> at 107. Rather, "[i]mpairment of … litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of …. incarceration." <u>Chrisman v. State</u>, 288 S.W.3d 812, 823 (Mo. App. S.D. 2009), citing <u>Lewis</u>, 518 U.S. at 355.

Movant also alleges injury because he was denied access to the court's subpoena power. Movant was not denied access to the court's subpoena power, he simply did not obtain access to everyone he wanted. While Movant alleges that he was denied the ability to subpoena outside of St. Louis County, he failed to even identify who the people were who could not be subpoenaed. Similarly, Movant claims that he was not able to view some of the evidence in the case, but fails to demonstrate what evidence was withheld. Movant has wholly failed to show how the jail's allegedly inadequate law library prevented Movant's ability to view evidence.

Movant also alleges ineffective assistance of counsel for his appellate counsel's failure to raise the prejudice of the inadequate law library claim on appeal. But appellate counsel is not ineffective for failing to raise a non-meritorious claim. <u>Cusumano</u>, 495 S.W.3d at 235.

(Doc. No 11-12 at 3-4). The appellate court then denied Petitioner's Point I.

The Court finds the state court's decision did not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Petitioner was not denied access to a law library or to legal materials to prepare his defense. The record on appeal reflects that he had access to and utilized these materials. He simply did not have unlimited access to the best law library, and there is no constitutional right to such. <u>Garth</u>, 411 S.W.3d at 370-72 (purported inadequacies of a jail law library does not deny meaningful access to the courts). Accordingly, the Court will defer to the state court's decision. Petitioner's first claim will be denied.

In his second claim, Petitioner asserts that section 50.060, RS Mo., prohibited his prosecution in state court because he had already received substantial federal court sentences for his federal offenses.[2] Respondent argues that whether the State had the authority to prosecute Petitioner under section 50.060 is an issue of state law, not federal constitutional law, and therefore

---

[2] <u>See</u> <u>United States v. Beasley</u>, No. S3-4:10CR119 CEJ (E.D. Mo.).

not cognizable under § 2254(a). See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The Court

agrees. Moreover, Petitioner's claim was denied on the merits by the motion court and affirmed

on appeal. In its decision, the Missouri Court of Appeals wrote:

> In his second point, Movant argues, baselessly, that the State had no interest in prosecuting him because under Section 56.060 the State was no longer "concerned with" prosecuting Movant because he had already been sentenced to 296 years in the federal system for the same conduct. Movant offers no case law to support this assertion, but rather, argues that as a matter of public policy, the cost incurred to house Movant in a state penitentiary outweighs the benefit the State receives from his State conviction.
>
> "Concern" means "a marked interest or regard usually arising through a personal tie or relationship to the matter under consideration." *Concern,* Webster's International Dictionary (3d ed. 2014). Applying this definition to the facts at hand, the question becomes does the state have a "marked interest or regard" in prosecuting Movant "through a relationship" to the matter being considered? Here, the answer is clearly in the affirmative. The victims are all centralized within Missouri. Moreover, the State always has an interest in deterring similar future crimes. The State here exercised a discretionary and legally permissible power to send a message to Missourians that criminal conduct will not be tolerated by this State's justice system, regardless of related or unrelated federal charges. Cost does not determine the State's concern with prosecuting heinous crimes of this nature.

(Doc. No. 11-12 at 6). The appellate court denied Petitioner's Point II.

The Court again finds the state court's decision did not involve an unreasonable application

of clearly established federal law and is not based on an unreasonable determination of the facts

in light of the evidence presented in the State court proceeding. The Court will defer to the state

court's decision. Petitioner's second claim will be denied.

Petitioner asserts four additional grounds for relief, namely that he was denied effective

assistance of pretrial, trial and appellate counsel; that the state court lacked jurisdiction to sentence

him due to double jeopardy and petite rules; that the sentence imposed was in excess of the

maximum sentence authorized by law and was excessive and constitutes a punishment for his

decision to exercise his right to trial; and that he was denied due process.

In support of these claims, Petitioner asserts that pre-trial and appellate counsel "refused to file important defense information," including alibi information, witness testimony, and his own statements; that pre-trial counsel "deceived [him] into not soliciting alibi information"; misrepresented facts; and schemed with prosecutors and the judge "to ensure a conviction of the same conduct in both federal and state court," and "to record inaccurately events involving [his] requirement to file motions to suppress." Petitioner further asserts that exculpatory evidence was ignored and disallowed by the trial court; and that pre-trial counsel, the prosecutor, and the judge "schemed to keep pertinent witnesses containing exculpatory evidence from testifying." In addition, Petitioner claims he was denied the "right to conflict free representation, right to counsel at sentencing, right to submit evidence at trial and subpoena witnesses, right to Miranda and Due Process and a complete trial proceeding." Petitioner claims the prosecutor violated the trial court's ruling on a motion in limine by repeatedly using the name of M.T. during the trial; and that prosecutors, the state court and public defenders schemed with federal prosecutors to violate a number of his constitutional rights and prevent him from presenting exculpatory evidence.

Petitioner raised all of these claims in his *pro se* Rule 29.15 motion. Because he did not incorporate the claims into his amended motion, the motion court declined to examine and rule on each point individually. Nevertheless, the court ruled against Petitioner on each of the points raised in his *pro se* motion because he failed to state with specificity what evidence was ignored, what witnesses were not investigated, what evidence was not allowed, what alibi was not investigated, what documents or motions were not filed and how any such alleged failings resulted in prejudice to him. Beasley, 2017 WL 9251773 at *2-3.

The Court finds Petitioner's additional grounds for relief are procedurally barred by his failure to raise them in his amended Rule 29.15 motion or in his post-conviction appeal. A federal

court reviewing a state conviction in a § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules. <u>Arnold v. Dormire</u>, 675 F.3d 1082, 1086-87 (8th Cir. 2012) (quotations and citations omitted). "In Missouri, a claim must be presented at each step of the judicial process in order to avoid default." <u>Id</u>. at 1087 (quotation and citation omitted). A petitioner must have "fairly presented the substance of the claim to the state courts … thereby affording such courts fair opportunity to apply controlling legal principles to the facts bearing upon [the] claim." <u>Wemark v. Iowa</u>, 322 F.3d 1018, 1020–21 (8th Cir. 2003) (quotations and citations omitted). "A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition." <u>Id</u>. at 1021 (quotations and citations omitted). A § 2254 applicant's failure to raise a claim in state court results in procedural default. <u>See Wooten v. Norris</u>, 578 F.3d 767, 777 (8th Cir. 2009).

Even if the claims are not procedurally defaulted, they would fail. Petitioner merely states conclusions and fails to state facts upon which relief could be granted, and presented no evidence to support the claims. Petitioner's additional claims for relief will be denied.

## IV.     Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Leland M. Beasley's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [1] is **DENIED.**

**IT IS FURTHER RECOMMENDED** that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. <u>See</u> <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

A judgment dismissing this case is filed herewith.

Dated this 30th day of April, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**